**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DONNA J. SMITH**, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No. 05-1060** |
| v. | ) | |
| | ) | |
| **JO ANNE B. BARNHART**, | ) | |
| COMMISSIONER OF SOCIAL SECURITY,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**February 7, 2006**

**I.    Introduction**

Plaintiff Donna J. Smith brings this action pursuant to 42 U.S.C. § 405(g), seeking review

of the final determination of the Commissioner of Social Security ("Commissioner") denying her

application pursuant to the Social Security Act ("Act") for Disability Insurance Benefits ("DIB").

As is the customary practice in the Western District of Pennsylvania, the parties have submitted

cross motions for summary judgment and the record developed at the administrative proceedings.

After careful consideration of the decision of the Administrative Law Judge ("ALJ"), the

memoranda of the parties, and the entire record, the Court finds that the decision of the

Commissioner is not supported by substantial evidence and therefore will deny Defendant's

motions for summary judgment and grant Plaintiff's Motion for Summary Judgment in part.

**II.    Procedural History**

Plaintiff applied for DIB on September 19, 2003, alleging disability since August 27,

---

[1] Jo Anne B. Barnhart became the Commissioner of Social Security effective November 14, 2001.  Pursuant to Fed.R.Civ.P. 25(d)(1) and 42 U.S.C. § 405(g), Commissioner Barnhart is automatically substituted as the defendant in this action.

2003, as a result of back pain, problems resulting from bowel resection surgery, sciatica, depression, pelvic, leg and foot pain, and fatigue. R. 95.  The application was denied initially and upon reconsideration, and on December 8, 2004, a hearing was held before ALJ Melvin D. Benitz at which plaintiff testified, as did a vocational expert ("VE").  R.27.  Plaintiff was represented by counsel. R.27.

On January 14, 2005, the ALJ issued a decision in which he found Plaintiff was not disabled because she retained the residual functional capacity ("RFC") to engage in work at the light exertional level, with the provision that she work with a sit/stand option and with numerous other limitations (as set forth below). R. 22.

On June 20, 2005, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner. R. 5-7.  Plaintiff then filed her complaint in this Court, and the matter is now before this Court on cross-motions for summary judgment filed under Rule 56 of the Federal Rules of Civil Procedure.

## III.    Statement of the Case

At the time of the hearing before the ALJ, Plaintiff was a fifty (50) year old individual, who was born on November 15, 1954. R. 16.  Plaintiff is a high school graduate with a college associate's degree in secretarial science, and has past relevant work experience as a secretary, sales clerk, and clerical assistant. R.16, 29.

Plaintiff alleges she became disabled on August 27, 2003, as a result of bowel resection surgery, sciatica, depression, pelvic pain, leg and foot pain and fatigue. R. 16, 95.  The record indicates that Plaintiff also allegedly suffered from marked scoliosis of the thoracic and lumbar spine, and impairments of the right shoulder and bilateral thumb subluxation with degenerative

arthritis. R. 17.  Plaintiff did not complain of these impairments in the Social Security Disability

Report, but she testified about such impairments during hearing before the ALJ and the ALJ

discussed these impairments in his evaluation of the evidence. R. 17, 95.

The ALJ concluded Plaintiff was not eligible for DIB nor a period of disability.  The ALJ

arrived at this conclusion by first determining that Plaintiff met the nondisability requirements of

Section 216(i) of the Act. R. 22.  Plaintiff's impairments were not severe *per se* under the listed

impairments of Appendix 1, Subpart P, Regulation No. 4.  Under Regulations 20 C.F.R. §

404.1520(c), however, the ALJ determined the Plaintiff's history of bowel resection surgery,

depression, cervical degenerative disc disease and fibromyalgia were "severe," medically

determinable impairments. R. 23.  Plaintiff's allegations of disability were determined as not

credible, and the ALJ found Plaintiff had the RFC to perform light work.

The ALJ made the following specific findings:

<u>FINDINGS</u>

After careful consideration of the entire record, the Administrative Law Judge
makes the following findings:

1.    The claimant meets the nondisability requirements for a period of
disability and Disability Insurance Benefits set forth in Section 216(i) of
the Social Security Act and is insured for benefits through the date of this
decision.

2.    The claimant has not engaged in substantial gainful activity since the
alleged onset of disability.

3.    The claimant's a history of bowel resection surgery, depression, cervical
degenerative disc disease and fibromyalgia are considered "severe" based
on the requirements in the Regulations 20 C.F.R. § 404.1520(c).

4.    These medically determinable impairments do not meet or medically equal
one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

3

5.      The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6.      The claimant has the residual functional capacity to perform a significant range of light work.  She is limited to work with sit-stand option, ready access to a restroom and that allows her to bring her feet off weight bearing.  She is limited in pushing and pulling with her upper right extremity and must avoid concentrated exposure to humidity and temperature extremes and hazards (machinery, heights, etc.).  She should avoid balancing, stooping and overhead reaching.

7.      The claimant's past relevant work as a secretary did not require the performance of work-related activities precluded by her residual functional capacity (20 C.F.R. § 404.1565).

8.      The claimant's medically determinable a history of bowel resection surgery, depression, cervical degenerative disc disease and fibromyalgia do not prevent the claimant from performing her past relevant work.

9.      The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 C.F.R. § 404.1520(f)).

<u>DECISION</u>

It is the decision of the Administrative Law Judge that, based on the application filed on September 19, 2003, the claimant is not entitled to a period of disability or Disability Insurance Benefits under Sections 216(i) and 223, respectively, of the Social Security Act.

R. 22-23.

**IV.     Standards of Review**

Judicial review of  the Commissioner's final decisions on disability claims is provided by

42 U.S.C. §§ 405(g)[2] and 1383(c)(3)[3].  Section 405(g) permits a district court to review

---

[2] Section 405(g) provides in pertinent part:
Any individual, after any final decision of the [Commissioner] made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business. . .

transcripts and records upon which a determination of the Commissioner is based.  Because the standards for eligibility under Title II (42 U.S.C. §§ 401- 433, regarding Disability Insurance Benefits, or "DIB"), and judicial review thereof, are virtually identical to the standards under Title XVI (42 U.S.C. §§ 1381-1383f, regarding Supplemental Security Income, or "SSI"), disability decisions rendered under Title II are pertinent and applicable to those rendered under Title XVI.  *Sullivan v. Zebley*, 493 U.S. 521, 525 n. 3 (1990).

If supported by substantial evidence, the Commissioner's factual findings must be accepted as conclusive.  *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir.1995); *Wallace v. Secretary of HHS,* 722 F.2d 1150, 1152 (3d Cir. 1983). The district court's function is to determine whether the record, *as a whole*, contains substantial evidence to support the Commissioner's findings. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir.1994), *citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained that "substantial evidence" means "more than a mere scintilla" of evidence, but rather, is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson,* 402 U.S. at 401 (citation omitted). *See Ventura*, 55 F.3d at 901 *quoting Richardson*; *Stunkard v. Secretary of the Dep't of Health and Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988). The United States Court

---

42 U.S.C. § 405(g).

[3]Section 1383(c)(3) provides in pertinent part:
> The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.

42 U.S.C. § 1383(c)(3).

of Appeals for the Third Circuit has referred to this standard as "less than a preponderance of the evidence but more than a mere scintilla." *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002), *quoting Jesurum v. Secretary of the Dep't of Health and Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995). "A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence." *Mason v. Shalala,* 994 F.2d 1058, 1064 (3d Cir. 1993), *quoting Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983). The substantial evidence standard allows a court to review a decision of an ALJ, yet avoid interference with the administrative responsibilities of the Commissioner. *Stewart v. Secretary of HEW*, 714 F.2d 287, 290 (3d Cir. 1983).

In making this determination, the district court considers and reviews only those findings upon which the ALJ based his or her decision, and cannot rectify errors, omissions or gaps in the ALJ's decision by supplying additional findings from its own independent analysis of portions of the record which were not mentioned or discussed by the ALJ. *Fargnoli v. Massarini,* 247 F.3d 34, 44 n.7 (3d Cir. 2001) ("The District Court, apparently recognizing the ALJ's failure to consider all of the relevant and probative evidence, attempted to rectify this error by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ. This runs counter to the teaching of *SEC v. Chenery Corp.*, 318 U.S. 80 (1943), that '[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.' *Id.* at 87"; parallel and other citations omitted).

An ALJ must do more than simply state factual conclusions, but instead must make specific findings of fact to support his or her ultimate findings. *Stewart*, 714 F.2d at 290. In making his or her determination, the ALJ must consider and weigh all of the evidence, both

medical and non-medical, that support a claimant's subjective testimony about symptoms and the ability to work and perform activities, and must specifically explain his or her reasons for rejecting such supporting evidence, especially when testimony of the claimant's treating physician is rejected. *Burnett v. Commissioner of Social Security*, 220 F.3d 112, 119-20 (3d Cir. 2000). *See Wier on Behalf of Wier v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). Moreover, an ALJ may not substitute his or her evaluation of medical records and documents for that of a treating physician: "an ALJ is not free to set his own expertise against that of a physician who presents competent evidence" by independently "reviewing and interpreting the laboratory reports" and other objective medical evidence. *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).

To demonstrate disability under Title II or Title XVI of the Act, a claimant must demonstrate an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423 (d)(1); 42 U.S.C. § 1383c(a)(3)(A). When resolving the issue of whether a claimant is disabled and whether the claimant is entitled to either DIB or SSI benefits, the Commissioner utilizes a five-step sequential evaluation. 20 C.F.R. §§ 404.1520 and 416.920 (1995). *See Sullivan*, 493 U.S. at 525. The United States Court of Appeals for the Third Circuit summarized this five step process in *Plummer v. Apfel*, 186 F.3d 422 (3d Cir. 1999) as follows:

> In *step one*, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. . . . In *step two*, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the

claimant fails to show that her impairments are "severe", she is ineligible for disability benefits.

In *step three*, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five. *Step four* requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. . . .

If the claimant is unable to resume her former occupation, the evaluation moves to the final *step* [*five*]. At this stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ *must analyze the cumulative effect of all the claimant's impairments* in determining whether she is capable of performing work and is not disabled. The ALJ will often seek the assistance of a vocational expert at this fifth step. . . .

*Plummer*, 186 F.3d at 428 (emphasis added; certain citations omitted).

Thus, a claimant may demonstrate that his or her impairment is of sufficient severity to qualify for benefits in one of two ways:

(1)  by introducing medical evidence that the claimant is disabled *per se* because he or she meets the criteria for one or more of a number of serious Listed Impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1, or that the impairment is *equivalent* to a Listed Impairment.  *See Heckler v. Campbell*, 461 U.S. 458, 460 (1983);  *Stunkard*, 841 F.2d at 59;  *Kangas*, 823 F.2d at 777 (Steps 1-3); or,

(2) in the event that claimant suffers from a less severe impairment, she will be deemed disabled where she is nevertheless unable to engage in "any other kind of substantial gainful

work which exists in the national economy . . . ."  *Campbell*, 461 U.S. at 461, *citing* 42 U.S.C. § 423 (d)(2)(A).  In order to prove disability under this second method, plaintiff first must demonstrate the existence of a medically determinable disability that precludes her from returning to his or her former job (Steps 1-2, 4).  *Stunkard,* 841 F.2d at 59;  *Kangas*, 823 F.2d at 777.  Once it is shown that she is unable to resume her previous employment, the burden shifts to the Commissioner (Step 5) to prove that, given plaintiff's mental or physical limitations, age, education and work experience, she is able to perform substantial gainful activity in jobs available in the national economy.  *Campbell*, 461 U.S. at 461; *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777;  *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986);  *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which, individually, may not reach the level of severity necessary to qualify as a Listed Impairment, the ALJ/Commissioner nevertheless must consider all of the claimant's impairments in combination to determine whether, collectively, they meet or equal the severity of a Listed Impairment. *Burnett*, 220 F.3d at 122 ("the ALJ must consider the combined effect of multiple impairments, regardless of their severity"); *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the '[Commissioner] shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity,'"), *citing* 42 U.S.C. § 423(d)(2)(C), and 20 C.F.R. § § 404.1523, 416.923.

Section 404.1523 of the regulations, 20 C.F.R. § 404.1523 (2002), Multiple impairments, provides:

> In determining whether your physical or mental impairment or impairments are of a
> sufficient medical severity that such impairment or impairments could be the basis of

9

eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  If we do find a medically severe combination of impairments, the combined impact of the impairments will be considered throughout the disability determination process.  If we do not find that you have a medically severe combination of impairments, we will determine that you are not disabled (see § 404.1520).

Thus, when a claimant presents more than one impairment, "the combined effect of the impairment must be considered before the [Commissioner] denies the payment of disability benefits." *Bittel,* 441 F.2d at 1195.  Even if a claimant's impairment does not meet the criteria specified in the listings, he must be found disabled if his condition is *equivalent* to a Listed Impairment. 20 C.F.R. § 404.1520(d) (2002). To that end, the ALJ may not just make conclusory statements that the impairments do not equal a Listed Impairment in combination or alone, but rather, is required to set forth the reasons for his or her decision, and *specifically* explain why he or she found a claimant's impairments did not, alone or in combination, equal in severity one of the Listed Impairments. *Fargnoli,*  247 F.3d at 40 n. 4, *citing Burnett*, 220 F.3d at 119-20.

If the ALJ or Commissioner believes the medical evidence is inconclusive or unclear as to whether claimant is unable to return to past employment or perform substantial gainful activities, it is incumbent upon the ALJ to "secure whatever evidence [he or she] believed was needed to make a sound determination." *Ferguson*, 765 F.2d at 36.

Pain alone, if sufficiently severe, may be a disabling impairment that prevents a claimant from performing any substantial gainful work. *E.g., Carter v. Railroad Retirement Board,* 834 F.2d 62, 65 (3d Cir. 1987), *relying on Green v. Schweiker*, 749 F.2d 1066, 1068 (3d Cir. 1984); *Smith v. Califano,* 637 F.2d 968, 972 (3d Cir. 1981); *Dobrowolsky v. Califano*, 606 F.2d 403, 409 (3d Cir. 1979). Similarly, an ALJ must give great weight to a claimant's subjective description of inability to perform even light or sedentary work when this testimony is supported

10

by competent evidence. *Schaudeck v. Commissioner of Social Security*, 181 F.3d 429, 433 (3d Cir. 1999), *relying on Dobrowolsky.* Where a medical impairment that could reasonably cause the alleged symptoms exists, the ALJ must evaluate the intensity and persistence of the pain or symptom, and the extent to which it affects the individual's ability to work.  This evaluation obviously requires the ALJ to determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it.   *See* 20 C.F.R. § 404.1529(c) (2002).  *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999).

But, if an ALJ concludes the claimant's testimony is not credible, the specific basis for such a conclusion must be indicated in his or her decision.  *See Cotter*, 642 F.2d at 705. The United States Court of Appeals for the Third Circuit has stated:  "[I]n all cases in which pain or other symptoms are alleged, the determination or decision rationale must contain a thorough discussion and analysis of the objective medical and the other evidence, including the individual's complaints of pain or other symptoms and the adjudicator's personal observations. The rationale must include a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the individual's ability to work." *Schaudeck*, 181 F.3d at 433, *quoting* Social Security Ruling ("SSR") 95-5p.

Subjective complaints of pain need not be "fully confirmed" by objective medical evidence in order to be afforded significant weight.  *Smith*, 637 F.2d at 972; *Bittel*, 441 F.2d at 1195.  While "there must be objective medical evidence of some condition that could reasonably produce pain, *there need not be objective evidence of the pain itself.*" *Green,* 749 F.2d at  1070-71 (emphasis added), *quoted in Mason,* 994 F.2d at 1067.  Where a claimant's testimony as to pain is reasonably supported by medical evidence, neither the Commissioner nor the ALJ may

discount claimant's pain *without contrary medical evidence. Ferguson*, 765 F.2d at 37;

*Chrupcala v. Heckler*, 829 F.2d 1269, 1275-76 (3d Cir. 1987); *Akers v. Callahan,* 997 F.Supp.

648, 658 (W.D.Pa. 1998).  "Once a claimant has submitted sufficient evidence to support his or

her claim of disability, the Appeals Council may not base its decision upon mere disbelief of the

claimant's evidence.  Instead, the Secretary must present *evidence to refute the claim.  See Smith*

*v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981) (where claimant's testimony is reasonably

supported by medical evidence, the finder of fact may not discount the testimony without

contrary medical evidence)." *Williams v. Sullivan,* 970 F.3d 1178, 1184-85 (3d Cir. 1992)

(emphasis added), *cert. denied* 507 U.S. 924 (1993).

## V.      Discussion

Plaintiff alleges that the ALJ erred in his determination and makes the following

arguments in support thereof:  the ALJ failed to acknowledge Plaintiff's scoliosis of the lumbar

and thoracic spine as "severe," the ALJ found Plaintiff's depression to be "severe" but failed to

acknowledge non-exertional limitations of depression caused by such impairment**,** and the ALJ

ignored a medically determinable impairment of the bilateral thumb subluxation with

degenerative arthritis, and evidence of right shoulder pain and arthritis.

### 1. Whether the ALJ erred in failed to account for Plaintiff's scoliosis of the lumbar and thoracic spine as "severe" impairments

When determining whether a claimant is disabled for the purpose of DIB, the ALJ must

consider *all* evidence in the case record. 20 C.F.R. §404.1520(a)(3).  In the second step of the

sequential analysis, the ALJ must determine if such impairments are "severe."  §404.1520.  A

"severe" impairment is one that meets or equals the requisite requirements in the Regulations of

20 C.F.R. §404.1509, or is a combination of impairments that is sufficiently "severe." §404.1520(c).

In the fourth step of the sequential analysis, the ALJ must determine if a claimant possesses the RFC to perform substantial gainful activity or past relevant work.  RFC is the most a Plaintiff can still do considering limitations. 20 C.F.R. §404.1545(a)(1).  "Limitations" are determined using "severe" medically determinable impairments, as well as other impairments from the record that are not "severe."§404.1545(a)(2).

However, the ALJ may not skip the step of determining whether or not medically determinable impairments are "severe," before analyzing limitations and RFC.  Conversely, if a "severe" impairment exists, such impairment must be considered in the remaining steps of the sequential evaluation.  20 C.F.R. §404.1523.

In the instant decision, the ALJ remarks that, "The medical record indicates that the claimant has a history of *marked scoliosis[4] of the thoracic and lumbar spine*, diverticulitis, hypertension, valvular insufficiency, colon resection, periovarian adhesions syndrome and Marfan's syndrome" (emphasis added). R.17.

The medical records clearly reflect an objective and medically determinable impairment of scoliosis.  R. 186, 370-378.  Whether or not the impairment is severe must be determined by the ALJ in the second step of the sequential evaluation.

The ALJ then finds, "The claimant's a history of bowel resection surgery, depression, cervical degenerative disease and fibromyalgia are considered 'severe' based on the requirements

---

[4]Scoliosis is an abnormal side-to-side curvature of the spine. J.E. Schmidt, M.D., Attorney's Dictionary of Medicine, Vol. 5, S-65 (Lexis Nexis, 2005).

in the Regulations of 20 C.F.R. §404.1520(c)." R. 23, Finding 3.  There was no determination of whether or not the scoliosis was "severe," nor was the impairment mentioned in the remaining steps of the sequential evaluation.

Because the ALJ did not determine whether or not the scoliosis was severe, the ALJ's decision to deny benefits is not supported by substantial evidence.

_____

**2. Whether the ALJ erred in finding Plaintiff's depression to be "severe" but failing to acknowledge non-exertional limitations caused by such impairment**

Plaintiff next argues that the ALJ erred in failing to include limitations that she alleges were caused by her depression, and therefore, the ALJ's residual functional capacity analysis and the hypothetical posed to the vocational expert were flawed.

A hypothetical question posed to the VE must reflect all of Plaintiff's impairments that are supported by the record; otherwise the question is deficient and the VE's answer to it cannot be considered substantial evidence. *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). The impairments must be both mental and physical. *Podedworny v. Harris*, 745 F.2d 210, 221 (3d Cir. 1984).

In this case, the ALJ found that Plaintiff's depression did not significantly limit her ability to perform her past relevant work.  In support thereof, the ALJ noted that the objective medical evidence showed that Plaintiff was found to be only mildly limited in her activities of daily living. R. 20.

The hypothetical stated:

> I'd like for you to assume a person who's 48 years of age on her

14

alleged onset date, which she puts at 8/27/03.  And apparently that's the date she last drew her unemployment insurance.  Has a 12th grade education plus two years of college in secretarial, past relevant work as indicated, a right-handed individual, suffering from various ailments.  She has some degenerative disk disease, mostly at the C5-6 level and some status-post effects effects of bowel resection.  She instigates in her testimony and the record that she has some fibromyalgia and some *mild depression*.  These things do cause her to have moderate pain and discomfort with radiation of her pain.  (emphasis added).

R. 56.

Because the ALJ was required to pose a hypothetical that included all of plaintiff's impairments, and the ALJ properly included Plaintiff's mild depression, the ALJ did not err in posing an inadequate or incomplete hypothetical the VE.

### 3. Whether the ALJ erred in failing to address Plaintiff's bilateral thumb subluxation with degenerative arthritis, and evidence of right shoulder pain and arthritis

Plaintiff testified to numerous impairments regarding an inability to fully use her hands, and pain in her right shoulder. R. 41-42.  Medical evidence supports Plaintiff's testimony regarding hand and thumb impairments.  On July 27, 2000, Burton H. Pollock, M.D. diagnosed: "Subluxations of both thumbs with mild osteoarthritis.  The arthritis shows more in the right thumb, and subluxation is greater in the left thumb." R. 370.  Dr. Pollock also noted Plaintiff had some tendinitis in the right shoulder. *Id.*

Treating physician, Alan D. Christianson, M.D., also diagnosed an impairment in Plaintiff's right shoulder. R. 281.  However, contrary medical evidence shows on March 26, 2004, x-ray imaging of Plaintiff's right shoulder performed by T.D. McClure, M.D. revealed a "normal" examination with no dislocation, calcification, and no lytic or blastic lesions noted. R.

15

516.

While the ALJ properly considered and weighed the medical evidence of right shoulder pain and arthritis with contrary medical evidence from a treating physician, the ALJ did not mention contrary medical evidence to reject the subluxations and osteoarthritis of both hands. Since such evidence was not considered, and was not contradicted by medical evidence, it was thus not evaluated to be "severe," or not in the sequential evaluation.

Because the ALJ rejected the objective medical evidence of subluxations and osteoarthritis in both of Plaintiff's hands without specifically explaining his reasons, the ALJ's decision to deny benefits is not supported by substantial evidence.

**VI.    Conclusion**

The Court has reviewed the ALJ's findings of fact and conclusions and determines that his findings are not supported by substantial evidence, for the reasons set forth above. Accordingly, the Court will grant Plaintiff's Motion for Summary Judgment on arguments one and three, deny Plaintiff's Motion for Summary Judgment on argument two, deny Defendant's Motion for Summary Judgment, and remand for the ALJ to fully consider Plaintiff's scoliosis and bilateral thumb subluxation.

An appropriate order will follow.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

16

cc:     All counsel of record as listed below

James C. Ward, Esquire
Woomer & Friday
3220 West Liberty Avenue
Suite 200
Pittsburgh, PA 15216

Jessica Smolar, Esquire
United States Attorney's Office
700 Grant Street
Suite 4000
Pittsburgh, PA 15219